UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

KELVIN JONES,

          v.

J. DIEBEL, J. QUINN, and
RADEMACHER, SR.,

                Defendants.

PRETRIAL ORDER
12-CV-994-V

─────────────────────────────────

      Jury selection for the trial of this matter is scheduled for Tuesday, August 16, 2016, at 9:30 a.m.  A Final Pretrial Conference is scheduled for Friday, August 5, 2016, at 2:00 p.m., and a Final Status Conference is scheduled for Thursday, August 11, 2016, at 2:00 p.m. **Please note that counsel responsible for trying the case and any paralegal who will be present in the courtroom during the trial must attend the Final Pretrial Conference and the Final Status Conference**.  Counsel for the plaintiff and for the defendants shall electronically file the required submissions listed below on or before the deadlines listed below.  Each submission shall be filed under separate cover.  One complete hard copy of the required submissions shall be brought directly to the Court's chambers on or before the deadlines listed below unless otherwise provided in this Order.

1. <u>JURY INSTRUCTIONS AND VERDICT FORM</u>

      The plaintiff shall file and provide to defense counsel and the Court a **complete** set of proposed jury instructions, both general and substantive, addressing

the general instructions to be given at the close of trial, any instructions on the specific

causes of action alleged and any issues particular to the case on or before July 12,

2016.  **The plaintiff also shall provide an electronic copy of the proposed jury**

**instructions in Microsoft Word (via e-mail to [vilardo@nywd.uscourts.gov](mailto:vilardo@nywd.uscourts.gov)) by the**

**same date.**  Each proposed instruction must be on a separate page, must be in

standard form, and must contain citations to the authority for the instruction.  Each

proposed instruction should, when appropriate, be taken from L. Sand, et al., <u>Modern</u>

<u>Federal Jury Instructions</u>, otherwise, each instruction should be supported by strong

legal authority.  The proposed instructions should be presented in a logical sequence,

and the submission should include an index to the instructions.


The plaintiff also shall file its proposed verdict form on or before July 12,

2016.


If, after reviewing the proposed jury instructions submitted by the plaintiff,

the defendants wish to submit an alternative set of instructions, or an alternative

instruction on a particular issue or issues, those proposed instructions shall be filed and

submitted to the plaintiff and the Court by July 19, 2016.  The defendants' submission

should be in the form and with the support and index noted above.  **The defendants**

**also shall provide an electronic copy of any proposed alternative jury instructions**

**in Microsoft Word (via e-mail to [vilardo@nywd.uscourts.gov](mailto:vilardo@nywd.uscourts.gov)) by the same date.**


The defendants also shall file any alternative verdict form on or before July

19, 2016.

The parties are reminded that these submissions are intended to assist the Court in formulating the final instructions to the jury.  The Court will conduct a jury instruction conference with counsel, and inform counsel of the Court's intended jury instructions and the intended verdict sheet, prior to closing arguments.  Counsel then may object to the intended instructions or request additional or alternative instructions.

2.   <u>PRETRIAL MEMORANDA AND MOTIONS *IN LIMINE*</u>

On or before July 12, 2016, the plaintiff shall file a trial memorandum outlining the facts expected to be proven at trial and addressing any legal issues, including any evidentiary issues, that are expected to arise at trial.  Because in all cases there are facts that are not or should not be in dispute, the plaintiff's trial memorandum shall include proposed stipulations setting forth those facts that the plaintiff deems uncontroverted.  Any motions *in limine* by the plaintiff also shall be filed no later than July 12, 2016.

On or before July 19, 2016, the defendants may file a trial memorandum supplementing or contesting the facts outlined by the plaintiff, addressing any additional legal or evidentiary issues expected to arise at trial, and responding to the plaintiff's trial memorandum.  In any such trial memorandum, the defendants shall indicate which, if any, of the plaintiff's proposed stipulations of fact are controverted.  Based on the proposed stipulations and responses, the parties and the Court will attempt at the Final

Pretrial Conference to prepare a list of uncontroverted facts to which the parties will stipulate.  On or before July 19, 2016, the defendants also shall respond to any motions *in limine* made by the plaintiff and bring any motions *in limine* on behalf of the defense.

On or before July 26, 2016, the plaintiff shall respond to any motions *in limine* brought by the defendants.  If necessary, oral argument will be scheduled by the Court.

3. <u>EXHIBITS</u>

On or before July 12, 2016, the plaintiff shall file a list of any exhibits that it anticipates using at trial.  The exhibits should be pre-marked by number, and any sub-exhibits should be pre-marked alphabetically.  The plaintiff shall use the Court's form, a copy of which is attached, in preparing the exhibit list.  Failure to list an exhibit may result in preclusion of that exhibit at trial.  Common exhibits should be included on the plaintiff's exhibit list.  One copy of each documentary exhibit shall be tabbed for reference and bound in a three-ring binder or in a similar fashion and provided to the Court at the Final Pretrial Conference.  A second complete set of documentary exhibits shall be provided to the Court in electronic format, e.g., CD or flash drive.

On or before July 19, 2016, the defendants shall file a list of any exhibits that it anticipates using at trial. The exhibits should be pre-marked by number, and any sub-exhibits should be pre-marked alphabetically.  The defendants shall use

the Court's form, a copy of which is attached, in preparing the exhibit list.  Failure to list

an exhibit may result in preclusion of that exhibit at trial.  Common exhibits should be

included only on the plaintiff's exhibit list unless otherwise ordered by the Court.  One

copy of each documentary exhibit shall be tabbed for reference and bound in a three-

ring binder or in a similar fashion and provided to the Court at the Final Pretrial

Conference.  A second complete set of documentary exhibits shall be provided to the

Court in electronic format, e.g., CD or flash drive.


       Counsel shall confer prior to submitting the exhibit lists.  When the exhibit

lists are filed, counsel shall identify those exhibits about which admissibility is expected

not to be contested and those exhibits that counsel will stipulate into evidence.  Within

one week after each exhibit list is filed, counsel for the other side shall specify those

exhibits to which they will object solely on the ground of relevance.  **Notwithstanding**

**any agreements reached by counsel, however, all exhibits (including joint**

**exhibits) must be formally moved into evidence at the appropriate time during**

**trial.**  Counsel should be prepared to discuss stipulating exhibits into evidence at the

Final Pretrial Conference.

4.   <u>VOIR DIRE</u>

On or before July 29, 2016, each party may file proposed voir dire

questions relating to any relevant questions of law or fact.  Counsel should be prepared

to discuss the proposed voir dire at the Final Pretrial Conference.  The Court will

conduct the voir dire.

5.   <u>WITNESS LIST</u>

On or before July 12, 2016, the plaintiff shall file a list of names and

addresses (identifying only the city, town, or village, and the state) of all prospective

witnesses and a brief summary of their anticipated testimony, **including anticipated**

**date and length of testimony (in hours and minutes).**  The list should include

expected rebuttal witnesses, but their anticipated testimony need not be summarized.

Failure to meet these requirements with respect to any witness may result in preclusion

of testimony by that witness.

On or before July 19, 2016, the defendants shall file a list of

names and addresses (identifying only the city, town, or village, and the state) of all

prospective witnesses, if any, and a brief summary of their anticipated testimony,

**including anticipated date and length of testimony (in hours and minutes).**  Failure

to meet these requirements with respect to any witness may result in preclusion of

testimony by that witness.

Counsel should have witnesses ready to testify so that there are no gaps in testimony during the trial.  With the parties' consent, the Court will take witnesses out of turn to accommodate witnesses.

6.  <u>EXPERT TESTIMONY</u>

On or before July 12, 2016, the plaintiff shall provide the Court and the defendants with the identity, address (identifying only the city, town, or village,  and the state), and a brief summary of the qualifications and expected testimony of any expert witness, **including anticipated date and length of testimony (in hours and minutes)**.  The defendants shall provide such information on or before July 19, 2016. The Court encourages counsel to stipulate to the qualifications of each expert witness prior to the Final Pretrial Conference.  Failure to include an expert witness on the expert witness list may result in preclusion of testimony by that witness.

7.  <u>STATEMENT OF THE CASE</u>

The parties shall jointly submit a short and concise statement of the case for the Court to use with the jury and be prepared to discuss the status of that joint statement at the Final Pretrial Conference.

8.  <u>COURT PROCEDURE</u>

During the evening recess each day, each side will be responsible for maintaining custody of its exhibits and returning them to court the next day (unless other arrangements are made with the Court).

Counsel are strongly encouraged to discuss the scheduling of witnesses with each other as early as possible.  In any event, at least by the evening before each day's session, counsel must advise the opponent and the Court of those witnesses expected to be called the following day.

The Court will set time limits for opening statements and closing arguments and expects counsel to adhere to those limits.

Additional Court procedures concerning the commencement of proceedings, recesses, objections, courtroom equipment, etc., will be discussed at the Final Pretrial Conference.

IT IS SO ORDERED.

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2016

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**EXHIBIT LIST**

Case No. : _____                          ____ Plaintiff
Date:       _____                          ____ Defendants

| Ex. No. | DESCRIPTION | DATE | |
|---|---|---|---|
| | | Marked for Identification | In Evidence |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |